UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OCTAVIA SHAREE SCALES,                :

    Plaintiff,                    :

    vs.                           :   No. 3:13cv0727(WIG)

CAROLYN W. COLVIN,                    :
Acting Commissioner,
Social Security Administration,       :

    Defendant.                    :
-------------------------------------------------------------X

ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT
WITH REVERSAL AND REMAND [DOC. # 20]

Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, has moved this Court to enter judgment with a reversal and remand of this cause to the Commissioner. Counsel for Defendant represents that he has contacted Plaintiff's counsel, Michael F. Magistrali, Esq., who consents to the relief sought in this motion.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Here, the Commissioner has determined, and Plaintiff's counsel concurs, that remand of this case is necessary for further development of the record and additional administrative proceedings.  Upon remand, the Social Security Administration's Appeals Council will remand this case to an administrative law judge ("ALJ").  The ALJ will (1) re-determine whether Plaintiff has established a medically-determinable impairment that could reasonably result in her subjective pain complaints, in accordance with 20 C.F.R. §§ 404.1508 and 404.1528, and Social Security Ruling 96-4p, with the assistance of a medical expert, if necessary; (2) re-evaluate Plaintiff's impairments at step three of the sequential evaluation process; (3) reassess Plaintiff's maximum residual functional capacity, including a re-evaluation of the medical source opinions of record, in accordance with 20 C.F.R. § 404.1527, and Social Security rulings 96-2p, 96-5p, and 96-6p, and reassess the credibility of Plaintiff's symptoms, in accordance with 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p; and (4) re-determine whether Plaintiff can perform her past relevant work or whether she can make an adjustment to other work in the national economy.  The ALJ shall then issue a new decision.

Accordingly, the Court hereby GRANTS the Defendant's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. # 20].  Additionally, Plaintiff's Motion to Reverse the Decision of the Commissioner [Doc. # 14] is GRANTED to the extent set forth in this Ruling.

This is not a Recommended Ruling.  The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge.  *See* Fed. R. Civ. P. 73(b).

The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under

Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

It is SO ORDERED, this ___11th___ day of February, 2014, at Bridgeport, Connecticut.

                                                       /s/ *William I. Garfinkel*
                                                        WILLIAM I. GARFINKEL
                                                        United States Magistrate Judge